

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

LDK/PL AGR
2024R00287

October 28, 2025

**VIA EMAIL**
Thomas Ambrosio
750 Valley Brook Ave
Lyndhurst, NJ 07071

Harley D. Breite
562 Black Oak Ridge Road
Wayne, NJ 07470

> Re:    <u>Plea Agreement with Jane Crosby</u>

Dear Mr. Ambrosio and Mr. Breite:

This letter sets forth the plea agreement between your client, Jane Crosby ("Crosby"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **November 17, 2025**, if it is not accepted in writing by that date. If Crosby does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Crosby to a two-count Information, which charges Crosby with: (1) from in or around September 2023 through in or around December 2023, Bank Fraud, in violation of 18 U.S.C. § 1344; and (2) on or about September 12, 2023, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Two).

If Crosby enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Crosby for Bank Fraud from in or around September 2023 through in or around December 2023, or Aggravated Identity Theft on or about September 12, 2023, September 27, 2023, October 13, 2023, October 18, 2023, December 12, 2023, December 20, 2023, and December 27, 2023, in the District of New Jersey and elsewhere.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Crosby even if the applicable statute of limitations period for those charges expires after Crosby signs this agreement, and Crosby agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1344 to which Crosby agrees to plead guilty in Count One of the Information carries a statutory maximum sentence of 30 years' imprisonment.

The violation of 18 U.S.C. § 1028A(a)(1) to which Crosby agrees to plead guilty in Count Two of the Information carries a statutory mandatory sentence of 2 years' imprisonment in addition to the punishment provided for in Count One.

The violations charged in Counts One and Two each carry a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentence on Count Two must run consecutively to any prison sentence imposed for Count One and to any other prison sentence Crosby is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Crosby is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Crosby ultimately will receive.

Further, in addition to imposing any other penalty on Crosby, the sentencing judge as part of the sentence:

(1)     will order Crosby to pay an assessment of $100 per count ($200 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    may order Crosby to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.* and 42 U.S.C. § 408(b);

(3)    must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(4)    pursuant to 18 U.S.C. § 3583, may require Crosby to serve a term of supervised release of not more than five years on Count One and not more than one year on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Crosby be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Crosby may be sentenced to not more than three years on Count One and not more than one year on Count Two in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663 and 42 U.S.C. § 408(b), Crosby agrees to pay full restitution to the victim of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of those offenses as follows:

| <u>Victim</u> | <u>Amount</u> |
| --- | --- |
| Navy Federal Credit Union | $18,135.85 |

<u>Forfeiture</u>

As part of her acceptance of responsibility, Crosby agrees to forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One, which Crosby agrees was $18,135.85, and all property traceable to such property.

Crosby further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, which the defendant agrees was $ 18,135.85 (the "Money Judgment"). Crosby consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Crosby further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Crosby waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Crosby understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Crosby waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Crosby's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Crosby further agrees that no later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Crosby fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Crosby has intentionally failed to disclose assets on her Financial Disclosure Statement, Crosby agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Crosby by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable

or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Crosby's activities and relevant conduct with respect to this case.

Stipulations

This Office and Crosby will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Crosby waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Crosby understands that, if Crosby is not a citizen of the United States, Crosby's guilty plea to the charged offenses will likely result in Crosby being subject to immigration proceedings and removed from the United States by making Crosby deportable, excludable, or inadmissible, or ending Crosby's naturalization. Crosby understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Crosby wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Crosby's removal from the United States. Crosby understands that Crosby is bound by

this guilty plea regardless of any immigration consequences. Accordingly, Crosby waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Crosby also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Crosby. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Crosby from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Crosby and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD BLANCHE
U.S. DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

By: Lauren D. Kober
Assistant U.S. Attorney

APPROVED:

Samantha C. Fasanello
Chief, Organized Crime/Gangs Unit

- 7 -

I have received this letter from my attorneys, Thomas Ambrosio, Esq. and Harley D. Breite, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 02/18/2026
Jane Crosby

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 2/18/2026
Thomas Ambrosio, Esq.
Harley D. Breite, Esq.
Counsel for Defendant

- 8 -

Plea Agreement With Jane Crosby

Schedule A

1. This Office and Crosby recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

The Offense Conduct

Count One:  Bank Fraud

3. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7. U.S.S.G. § 2B1.1.

4. Crosby is subject to a 4-level enhancement because the actual loss was more than $15,000 but less than $40,000. U.S.S.G. § 2B1.1(b)(1).

5. Crosby is subject to a 2-level enhancement because the offense involved 10 or more victims. U.S.S.G. § 2B1.1(b)(2)(A).

6. The total adjusted offense level for Count One is 13.

Count Two: Aggravated Identity Theft

7. The applicable guideline is U.S.S.G. § 2B1.6.  The guideline sentence is the term of imprisonment required by statute, which is two years' imprisonment.

Grouping of Multiple Counts

8. Pursuant to U.S.S.G. § 3D1.1(b)(2), Count Two does not group with any other count. The two-year term of imprisonment required by statute must run consecutively to the term of imprisonment imposed for Count One. *See* U.S.S.G. § 2B1.6, cmt. n.1(A).

Acceptance of Responsibility

9. As of the date of this letter, Crosby has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Crosby's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

10.    If Crosby establishes at sentencing that she both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, she will be entitled to a further two-level reduction in her offense level, resulting in a total Guidelines offense level of 9; otherwise, Crosby's total Guidelines offense level will be 11 (the "Total Offense Level").

11.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

12.    If the term of imprisonment does not exceed 38 months, and except as specified in the next paragraph below, Crosby will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 28 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).