2024R00287/LDK/PAL/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Hon. Susan D. Wigenton, U.S.D.J.

    v. : Crim. No. 26-200

JANE CROSBY, : CONSENT JUDGMENT
                        AND ORDER OF FORFEITURE
    Defendant. : (MONEY JUDGMENT)

WHEREAS, on or about June 3, 2026, defendant Jane Crosby pleaded guilty, pursuant to a plea agreement with the United States, to a two-count Information, which charged the defendant with bank fraud, in violation of 18 U.S.C. § 1344 (Count One); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Two) (the "Information");

WHEREAS, a person convicted of the bank fraud offense charged in Count One of the Information shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of that violation;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment in the amount of $18,135.85 representing the value of the proceeds obtained by the defendant as a result of the offense charged in Count One of the Information;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the defendant:

(1)    consents to the forfeiture to the United States of $18,135.85 (the "Money Judgment") as a sum of money representing the property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offense charged in Count One of the Information, to which the defendant has pleaded guilty;

(2)    consents to the imposition of the Money Judgment, pursuant to 18 U.S.C. § 982(a)(2)(A);

(3)    agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4)    acknowledges that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets;

(5)    waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6)    acknowledges that she understands that forfeiture of property will be part of the sentence imposed upon her in this case and waives any failure by the Court

to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(7)    waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

(1)    As a result of the offense charged in Count One of the Information, to which the defendant has pleaded guilty, the Court having accepted the stipulated amount of the forfeiture, and the defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant, which was $18,135.85. The Money Judgment is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(2)(A) and Federal Rule of Criminal Procedure 32.2(b).

(2)    All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

(3)     Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

(4)     Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

(5)     This Order of Forfeiture shall be part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

(6)     The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $18,135.85.

(7)     This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 3rd day of June, 2026.

_____
Honorable Susan D. Wigenton
United States District Judge

-4-

The undersigned hereby consent to
the entry and form of this Order:

ROBERT FRAZER
United States Attorney

Dated: 6/3/26

By: Lauren D. Kober
Assistant United States Attorney

Dated: 06/3/26

Thomas Ambrosio, Esq.
Attorney for Defendant Jane Crosby

Dated: 06/3/2026

Jane Crosby, Defendant